OPINION of the Court, by
Ch. J, Boyle.
This an action, for freedom. The plaintiff’s had a verdict ?,nd judgment, from which the defendant appealed to this court.
On the trial of the cause, the plaintiffs produced, as evidence of their right of freedom, a copy of an instrument, bearing date the 12th of October 1781, purport- . "q *n be the deed of Walter Clark, manumitting, among others of his slaves, the plaintiff Jude, who is the (nether of the other plaintiffs.
Subjoined to the copy, was a certificate of the clerk of the county court of Berkly county, Virginia, that on “ the 16th day of J anuary 178V, this deed poll of emancipation frens Walter Clark to sundry slaves was proved by 'William Grubie, a witness thereto, and also proved by said Wdliam Grubie to be subscribed by Richard Ridgeway, another witness to said deed, and ordered to be recorded.” It was proved by the deposition of Grubie, taken ⅛ this cause, that the instrument in question was executed by Clark on the day of its date, and ^acknowledged by him in the fall of the year 1783, in Ae presence of said Grubie and the other subscribing witness, and of two others, who were not subscribing witnesses; by one of wham the reackaowledgment was .likewise proved*
*58 ' The plaintiffs also produced in evidence a verdicty together with the record and proceedings in an action for freedom brought by the plaintiff Jude and other? against Clark, in the county court of Berkly. The verdict was given at the August tentó of said court, ⅛ 1789, for the plaintiffs in the action, but no judgment was entered thereon.
The only points máteriaí for this court to determine are, whether the instrument and verdict aforesaid were admissible evidence in this action.
The validity of the instrument ⅛ question depends upon the statutes of Virginia in force at the times of its original execution, and of its reacknowledgment. By the 26th sec. of the 31st chapter of the acts of 1748 it is enact» ed that no slave shall be set free, upon any pretence whatsoever, except for some meritorious services, to be adjudged and allowed by the governor and council, and a license thereupon first had and obtained. This law continued in force until after the original execution of the instrument produced in evidence. That a deed, or other instrument, purporting on the face of it to do an act pro -- hibited by law, cannot be valid, nor constitute a medi¿ um through which a right can be decreed, is a proposition too evident to admit of controversy. The end being interdicted, the means for its accomplishment must be considered illegal and void. So inoperative was any instrument under this act to effect the emancipation of a slave, that while it continued in force, it was the constant course, where a deed or will had been made for that purpose, to apply to the legislature for a special act to legalize the emancipation. The frequency of tbesé applications probably suggested the propriety of making a general provision upon the subject.- At the May session of 1782, it was enacted that thereafter it should be lawful for any person, by his or her last will and testament, or by any other instrument in writing under hie or her hand and seal, attested and approved in the county court by two witnesses, or acknowledged by the party* in the court of the county where he or she resides, to emancipate and set free his or her slaves, or any of them, who shall thereupon be entirely and fully discharged from any contract entered into during servitude, and enjoy as full freedom as if they had been particularly named and freed by this act.
*59 It was subsequent to the passage of this act that the instrument ⅛ question was «acknowledged by Clark. Although the instrument was originally void, it does not je«;m necessary, to give it validity under this act, that it should be reexecuted and reattested. A deed merely* void in its,origin may, by a subsequent delivery, become valid and binding. This doctrine is laid down in Per* kins upon Conveyances, sec. 154, and recognized in the case of. Goodright vs. Strapham, Cowp. Rep. 203-4. In that case it was held by the court of. King’s Bench, that the redelivery, by a /erne, after the deathof her bus-band, of a deed delivered by her during coverture, would be good, and bind her without beingireexecuted and reattested. Whether the «acknowledgment and the accompanying circumstances in the present case amount to a delivery, does not seem necessary to be de<-iermined ; because to effect an emancipation a deed is not required : an instrument under band and seal, without the solemnity of delivery, having the other requisites prescribed by the law, would be sufficient to entitle those claiming under it to their, freedom. The. «acknowledgment, therefore, whether it amounts to a deli-, very or not, would unquestionably be a sufficient confirmation of the instrument to render it operative unde® the act of 1782.
But the proof of the instrument by one only of the subscribing witnesses, was clearly insufficient to autho-rise it to be admitted to record in the county court, of to be read as evidence on the trial.
The law having required that it should be proved, as. well- as attested by two witnesses, the proof is as indispensable as the attestation ; and the instrument with? out either, is no more valid or binding than it would be without both. The solemnities upon which the right to freedom was to take effect having been prescribed by the act, it is not in the power, of the court to dispenso with them, or any part of them. The rule in. this res? pect is, it a lex scripta est.
The original instrument being inadmissible evidence, it is unnecessary to. inquire whether, the circumstances shewn are sufficient to excuse its non. production, and entitle the plaintiffs to use the copy.
Whether the verdict was admissible or not, is a que% ¿on A much more doubt»
*60 There is an irreconcilable contradiction in the bookf upon the point whether a verdict without a judgment thereon can be received as evidence. The weight of the authorities, a¿ well at the reason of (he d.i-tg, seem, however, to be opposed to its admission. Builtr, page 234, says a verdict will not be admitted in evidence without likewise producing a copy of the judgment founded upon it; because it may happen that the judgment was arrested, or a new trial granted. Peak, in his Treatise upon Evidence, page 49, 50, lays it down as a role, that until final judgment is entered upon it, ⅛ verdict is too evidence of the fact having been legally decided. For which he assigns the same reason as is mentioned by Bullet, The only reported case we have been able to find upon this subject is the case of Pitton vs. Walter, 1 Stra 161, in which the rule is established as laid down by Buller and Peak.
Opposed to these authorities is Gilb. E vide ace, page 36-? Bat this respectable author has given no satisfactory reasons for the doctrines advanced by him, and it is unwarranted by any reported case «-Licit we have been able to find in our researches upon this point.
We are therefore of opinion that the chcuit court erred in admitting either the instrument or verdict at> evidence, and that the judgment must be reversed.